## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

United States of America

v.

Orentho Hurd

Case No.: 22-cr-50026

Judge Iain D. Johnston

## MEMORANDUM OPINION AND ORDER

Defendant Orentho Hurd moves to dismiss Count II of the indictment against him, which alleges violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Hurd's Renewed Motion to Dismiss Count II of the Indictment is denied because the statute is constitutional, both facially and as applied to him.

### I.      Background

In 2022, a federal grand jury indicted Defendant Orentho Hurd of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the indictment, Hurd knowingly possessed a loaded Glock after previously having been convicted of a crime punishable by a term of imprisonment exceeding one year. Indictment as to Orentho Hurd (Dkt. 3), 2.[1]  In fact, Hurd has six prior felony convictions: four instances of unlawful gun possession, one count of possessing a

---

[1] The 2022 indictment also accused Hurd of possessing a controlled substance with intent to distribute, knowingly possessing a machine gun, and knowingly possessing a firearm in furtherance of a drug trafficking crime.

controlled substance, and an aggravated robbery. Def. Renewed Mot. to Dismiss (Dkt. 85), 1.

Hurd argues that gun ownership restrictions like those in § 922(g) violate the Second Amendment. U.S. CONST. amend. II ("A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). So, Hurd moved to dismiss the 2022 indictment, arguing that the Supreme Court recently invalidated felon dispossession laws in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 (2022).

While Hurd's initial motion was pending, the Seventh Circuit decided *United States v. Gay*, 98 F.4th 843, 847 (2024), rejecting a challenge to § 922(g)(1) under the Second Amendment because the defendant was a parolee with twenty-two prior convictions. This Court denied Hurd's Motion to Dismiss the Indictment accordingly, with leave to refile an as-applied challenge. Min. Entry before the Hon. Iain D. Johnston as to Orentho Hurd (Dkt. 74). He did.

In his Renewed Motion to Dismiss Count II of the Indictment, Hurd argues that his prosecution under § 922(g) is unconstitutional, as the statute as applied to him, because it regulates conduct protected by the "plain text" of the Second Amendment in a manner inconsistent with the American tradition of firearm regulation. That argument is not persuasive.

II.    **Analysis**

In *United States v. Gay*, the Seventh Circuit assumed without deciding that convicted felons are among "the people" protected by the Second Amendment. 98 F.4th 843 at 846. It assumed for the sake of argument, moreover, that there's at least "*some* room for as-applied challenges" to § 922(g). *Id.* (emphasis in original). So, although neither the Supreme Court nor the Seventh Circuit has affirmatively held that felons can maintain as-applied challenges to felon dispossession laws, this Court follows *Gay*'s lead.

If Hurd does have Second Amendment rights, they're by no means absolute. *See District of Columbia v. Heller*, 554 U.S. 570, 573 (2008) ("The Court's opinion should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ."); *see Bruen*, 597 U.S. at 71 (Alito, J., concurring) (*Bruen* does not disturb *Heller*). In *Gay* itself, the Seventh Circuit noted that, after *Bruen*, gun ownership rights only extend to "law-abiding, responsible citizens." 98 F.4th 843 at 846.

Furthermore, as recently as June 2024, the Supreme Court noted the propriety of historically based restrictions on gun ownership by certain individuals. In *United States v. Rahimi*, the Court rejected a facial challenge to 18 U.S.C. § 922(g)(8), which prohibits the subject of domestic violence restraining orders from firearm possession, in part because, "our [Nation's] tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." 144 S. Ct. 1889, 1902 (2024).

Hurd's argument turns on a brief excerpt from *Rahimi*, in which the Court "reject[ed] the Government's contention that [a citizen] may be disarmed simply because he is not 'responsible.'" *Id.* In Hurd's view, this line abrogates *Gay*'s "responsible, law-abiding citizen" language. But Hurd reads *Gay* too narrowly. In *Gay*, the Seventh Circuit upheld § 922(g)(1)'s constitutionality, not only because it perceived Gay as irresponsible and not law-abiding, but more broadly, because, as identified in both *Heller* and *Bruen*, historically the Second Amendment allowed restrictions of certain individuals who posed danger. *Rahimi* expressly ratifies that sort of historically based restriction.

If anything, the decision in *Rahimi* strengthened *Gay* by noting, once again, that felon dispossession laws are presumptively constitutional. *Id.* ("*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"). And the lower courts agree: *Rahimi* bolsters the conclusion that § 922(g)(1) is consistent with the Second Amendment. *United States v. Fondren*, No. 22-CR-376, 2024 U.S. Dist. LEXIS 162501, at *4 (N.D. Ill. Sep. 10, 2024) (collecting cases).

What's more, *Gay* obviates the need for the historical analysis that Hurd seeks. There's little doubt that our Nation's history allows the Government to disarm violent criminal offenders. *Rahimi*, 144 S. Ct. at 1902; *e.g. United States v. Mintz*, No. 22-cr-00438, 2024 U.S. Dist. LEXIS 112499, at *10 (N.D. Ill. June 26, 2024) (disarming a

defendant with a criminal history of burglary and aggravated unlawful possession of a motor vehicle because he "cannot be trusted with dangerous instrumentalities.").

To the extent that Hurd seeks an individualized analysis of his status as a person who could historically be prohibited from possessing arms, that fails on the merits. Hurd has an extensive criminal history, which, most concerningly, includes a 2011 conviction for aggravated robbery. Gov. Resp. to the Def.'s Renewed Mot. to Dismiss (Dkt. 64), Exhibit A, 1. Hurd argues that this conviction is so old that the Court shouldn't consider it. Renewed Mot. to Dismiss at 6. But the passage of time doesn't render his violent felony any less serious—especially given Hurd's subsequent criminal activity. Instead of contesting § 922(g)(1) through lawful means, like seeking declaratory judgment—which this Court is duty bound to consider—Hurd "violated the law in secret and tried to avoid detection." *Gay*, 98 F.4th 843 at 847.

Critically, Hurd continued to amass criminal convictions well after 2011, too. In 2014, he was convicted of the unlawful use of a weapon by a gang member, the unlawful use of a weapon by a felon, and possessing a weapon without a FOID card. Gov. Resp. to the Def.'s Renewed Mot. to Dismiss (Dkt. 64), Exhibit A, 1—2. And in 2018, Hurd was convicted, again, of unlawful use of a weapon by a felon and, newly, possession of a controlled substance. *Id.* at 3,5. Hurd's possession of a controlled substance is especially troubling, as the presence of drugs increases the likelihood of violent and erratic behavior—thus, his risk to the community.

Even so, Hurd tries to minimize his criminal history by comparing it to the defendant's in *Gay*, who had twenty-two felony convictions. *Gay* doesn't set a

minimum number of convictions that justifies the disarmament of a citizen, and it's absurd to think that the magic number must be twenty-two or greater. To the contrary, the mere fact that a defendant has multiple criminal convictions supports a finding that § 922(g)(1) is constitutional as applied to that defendant. *See United States v. Donald*, No. 20-CR-832, 2024 U.S. Dist. LEXIS 82487, at *7 (N.D. Ill. May 6, 2024) (rejecting as-applied challenge by defendant with two non-violent felonies, both over seven years old).

## III.    Conclusion

For the reasons explained above, Hurd's Renewed Motion to Dismiss Count II of the Indictment [85] is denied. Under this Nation's historical tradition of firearm regulation allowing for restrictions of certain people from possessing firearms, Section 922(g)(1) is not unconstitutional as applied to Hurd.

Entered: October 29, 2024

By:_____
Iain D. Johnston
U.S. District Judge